Larry HOOVER, Appellant,

v.

Dr. Ramon A. DAVILA, M.D., Dr. Michael J. Jurenovich, D.O., Edward J. Uberti, D.O. and Dr. David A. Vermeire, M.D.

Superior Court of Pennsylvania.

Argued March 30, 2004.

Filed Aug. 13, 2004.

Daniel S. Soom, New Castle, for Hoover, appellant.

Daniel P. Carroll, Jr., Pittsburgh, for Davila, appellee.

Deborah Olszewski, Pittsburgh, for Jurenovich, appellee.

Before: FORD ELLIOTT, ORIE MELVIN, and TODD, JJ.

FORD ELLIOTT, J.

¶ 1 Appellant, Larry J. Hoover, appeals from the order entered August 26, 2003 in the Court of Common Pleas of Lawrence County that denied his motion for an extension of time for filing a certificate of merit and denied his petition seeking to strike or, alternatively, open the judgment of *non pros*. For the reasons that follow, we affirm.

¶ 2 The relevant facts and procedural history are as follows. Appellant initiated a medical malpractice action by filing a *pro se* complaint on February 12, 2003 against the four appellees—Doctors Michael J. Jurenovich ("Jurenovich"), Edward J. Uberti ("Uberti"), David Vermeire ("Vermeire"), and Ramon A. Davila ("Davila"). Appellant alleged that the appellees failed to diagnose him with an active draining sinus in the posterior aspect of his left thigh that caused osteomyelitis in his left femur. The complaint was reinstated on March 10, 2003 and on April 10, 2003. At no time either at the filing of the original complaint or within 60 days thereafter did appellant file the required certificate of merit as set forth in Pa.R.Civ.P. 1042.3 or file a motion seeking an extension of time to file this certificate.

¶ 3 Due to the fact that no certificates of merit were filed, nor was a motion to extend time for filing the certificates pending before the court, on April 29, 2003, Jurenovich, Uberti, and Vermeire filed a praecipe for entry of judgment of *non pros* pursuant to Pa.R.Civ.P. 1042.6. Thereafter, the prothonotary entered a judgment of *non pros* in favor of Jurenovich, Uberti, and Vermeire.

¶ 4 On May 28, 2003, appellant filed a *pro se* motion to extend time for filing a certificate of merit. However, since the judgment of *non pros* was already entered in favor of Jurenovich, Uberti, and Vermeire, the Honorable Ralph D. Pratt ruled that the only action pending was against Davila. Judge Pratt issued a rule to show cause upon Davila to demonstrate why the requested extension of time to file a certificate of merit should not be granted. (*See* Order of Court, 5/29/03 docket entry # 9.) On June 16, 2003, Davila filed a response to the rule to show cause.

¶ 5 Appellant subsequently hired counsel, Daniel S. Soom, Esq. Appellant then filed a petition to open or strike judgment of *non pros*. This petition contained certificates of merit dated July 3, 2004 to be filed against Jurenovich, Uberti, and Ver-

meire. No certificate of merit was attached regarding Davila.

¶ 6 On August 26, 2003, after a hearing on the petition to open or strike judgment of *non pros* and rule to show cause, the Honorable J. Craig Cox entered an order denying the petition to open or strike entry of judgment of *non pros;* the court also denied the motion for extension of time for the filing of a certificate of merit against Davila. Judge Cox held that appellant had failed to timely file certificates of merit and failed to timely file a motion for an extension of time. Further, Judge Cox found that appellant offered no reasonable explanation as to the delay in filing certificates of merit.

¶ 7 On September 16, 2003, appellant filed a notice of appeal and pursuant to the trial court's order, filed a 1925(b) statement of matters complained of on appeal. Instantly, appellant presents the following issue:

> WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] PETITION TO OPEN OR STRIKE JUDGMENT OF *NON PROS.*

Appellant's brief at 8.

█ ¶ 8 Initially, we note our well-settled standard of review. The denial of a petition to open and/or strike judgment of *non pros* is subject to the abuse of discretion standard; an exercise of that discretion will not be reversed on appeal unless there is proof of manifest abuse thereof. *Sklar v. Harleysville Insurance Co.,* 526 Pa. 617, 619, 587 A.2d 1386, 1387 (1991).

█ ¶ 9 Appellant first claims that the judgment of *non pros* should be stricken; he argues that the 60–day "clock" should start to run from the date of the last reinstated complaint or, in his case, April 10, 2003. (Appellant's brief at 11.) Hence, appellant claims that he had until June 10, 2003 to file the appropriate certif-

icates and the entry of judgments of *non pros* on April 29, 2003 was premature. We disagree.

¶ 10 Recently, our supreme court adopted new rules governing liability actions against licensed professionals. *See* Pa.R.Civ.P. 1042.1–1042.8. Rule 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff's attorney shall file a certificate of merit with the complaint or within 60 days after the filing of the complaint. Pa.R.Civ.P. 1042.3(a). The certificate certifies that another appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. A separate certificate must be filed as to each licensed professional named in the complaint. Pa.R.Civ.P. 1042.3(b). Under Rule 1042.3(d), the court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. Pa.R.Civ.P. 1042.3(d). This rule does not impose any restrictions on the number of extension orders that the court may enter.

¶ 11 If a plaintiff fails to file either a certificate of merit within the required time or a request for an extension, Rule 1042.6 provides that the prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff.

¶ 12 Appellant in the instant action filed the original complaint on February 12, 2003 against all of the named defendants. However, due to the inability to effectuate service, appellant had to reinstate the complaint on March 10, 2003 and again on April 10, 2003. The trial court found no

ambiguity in the plain requirements of Pa. R.Civ.P. 1042.3(a). We agree. The 60–day time period for the filing of a certificate of merit or for requesting an extension of time clearly runs from the date of the filing of the *original complaint,* which in this case would be February 12, 2003.

¶ 13 The term filing, while not specifically defined within the rules of civil procedure, must be accorded its plain meaning according to its common and approved usage. 1 Pa.C.S.A. § 1903. Black's Law Dictionary defines the term filing to mean to "deliver a legal document to the court clerk or record custodian for placement into the official record." Black's Law Dictionary 643 (7th ed.1999). In other words, filing is the initial commencement of an action.

¶ 14 Furthermore, we agree with the trial court that looking at the common definition of the term "reinstatement" is also helpful. Black's Law Dictionary defines the term "reinstate" to mean "to place again in a former state or position; to restore." Black's Law Dictionary 1290 (7th ed.1999). Additionally, a reading of Rule 401(b), which pertains to the reissuance of a writ or the reinstatement of a complaint, states as follows: "[The] prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint ..." *See* Pa. R.Civ.P. 401(b). Thus, the reinstatement of a complaint simply continues the complaint's validity from the time of the original filing until the time service is made.

¶ 15 We agree with the trial court that pursuant to Rule 1042.3 the date upon which the 60–day period must begin is the date of the filing of the original complaint—which in this case is February 12, 2003. (*See* trial court opinion, 11/20/03 at 4–5.) Thus, the 60–day period ended on April 14, 2003; and the entry of judgment of *non pros* for failure to timely file the certification was not in error. Pa.R.Civ.P. 1042.6.

¶ 16 Appellant also raises an argument as to the trial court's failure to grant him an extension of time to file a certificate of merit regarding appellee Davila. We find that the trial court did not err in refusing to grant such an extension, as the 60–day period to request this had already lapsed by the time appellant sought the extension on May 21, 2003. *See* Pa. R.Civ.P. 1042.3(d). It is of no consequence that appellant had been proceeding *pro se.* The rule clearly states "the attorney for the plaintiff, *or the plaintiff if not represented,* shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit ..." Pa. R.Civ.P. 1042.3 (emphasis added).[1]

¶ 17 Next, appellant contends that the trial court erred in its failure to consider the factors enumerated at Pa.R.Civ.P. 3051 when considering his petition to open the judgment of *non pros.* (Appellant's brief at 14.)

¶ 18 Rule 1042.6(a) states: "The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate."

¶ 19 The trial court without explanation determined that the comments to Rule 1042.6 precluded the application of Pa. R.Civ.P. 3051. We cannot understand this

---

**1.** Additionally, even if we were to accept appellant's argument that the certificates of merit could be filed within 60 days after the reinstatement of the complaint, appellant missed this deadline after both reinstatements.

rationale.[2] Rule 3051 governs relief from a judgment of *non pros* whether entered on praecipe or by the court and sets forth as follows:

**Rule 3051. Relief from Judgment of Non Pros**

. . . .

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.Civ.P. 3051(b)(1–3).

¶ 20 As set forth in the comments to the rule, its purpose is to provide uniformity of practice involving all types of *non pros* judgments:

The rule will apply in all cases in which relief from a judgment of non pros is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing. Where the court has not participated in the entry of judgment, the rule will provide a procedure for court involvement and the making of a record which an appellate court will be able to review.

Pa.R.Civ.P. 3051, comment.

¶ 21 While we might remand for the trial court's review of the motion to open pursuant to the Rule 3051 standard, we decline to do so because on the face of the record, appellant cannot meet the requirement of the rule that any delay be reasonably explained. Appellant's purported explanation is that he was unaware of the new rule of civil procedure requiring certificates of merit or that he did not understand the rule. We find this explanation does not amount to just cause for the untimely filing.[3]

■ ¶ 22 A *pro se* litigant is not absolved from complying with procedural rules. *Jones v. Rudenstein,* 401 Pa.Super. 400, 585 A.2d 520, 522 (1991), *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991). The fact that appellant initially proceeded *pro se* does not absolve him of the responsibility to comply with procedural rules, new or old. *See Commonwealth v. Abu–Jamal,* 521 Pa. 188, 200, 555 A.2d 846, 852 (1989) (*pro se* litigant is subject to same

---

**2.** The only reference to any other rule in the comment to Rule 1042.6 sets forth that the notice requirements of Rule 237.1 do not apply to a Rule 1042.6 *non pros.*

**3.** We also note with approval the trial court opinion in *Helfrick v. UPMC Shadyside Hospital,* 65 Pa. D & C 4th 420 (Pa.Com.Pl.2003), authored by the Honorable Stanton R. Wettick, Jr. of the Allegheny County Court of Common Pleas. In addressing the appealability of the reasonable explanation or legitimate excuse prong to a Rule 1042.6 *non pros,* Judge Wettick offered the following cogent analysis:

Plaintiff's petition does not set forth a reasonable explanation or legitimate excuse for the inactivity (the inactivity being the failure of plaintiff's counsel to file within the sixty day period a certificate of merit or a motion to extend the time for filing the certificate). This will be so in almost every case in which a judgment of non pros is entered for failure to file a certificate of merit. The plaintiff who has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend. The filing of the motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion. Consequently, an explanation for the inactivity requires an explanation as to why the plaintiff did not within the sixty day period file a motion to extend the time for filing the certificate of merit.

*Id.* at 423.

rules of procedure as is a counseled defendant). Additionally, Rule 1042.3(a) specifically contemplates *pro se* plaintiffs; thus, appellant's compliance can not be excused due to ignorance of the rules.

¶ 23 Order affirmed.