**Hutt v. Weiner**

*James L. Griffith,* for plaintiffs.
*Gary V. Girtleman, John C. Farrell, Dawn R. Courtney* and *Richard W. Yost,* for defendants.

NEW, *J.,* March 15, 2005—This court denied plaintiffs' petition to open a judgment of non pros because plaintiffs failed to timely file a certificate of merit.

## PROCEDURAL AND FACTUAL HISTORY

Elizabeth Hutt (plaintiff) and her husband, John Hutt, initiated a dental malpractice action against various dentists, including Jeffrey M. Weiner DDS, Mark J. Funt DMD, Arnold Pfannenstiel DDS, and Edward S. Abrams DMD. This action was commenced on September 21, 2004; however, a complaint was not filed until October 12, 2004. Plaintiffs also initiated a dental malpractice action against another dentist, Joshua Uram DMD, on October 4, 2004; again, a complaint was not filed until October 12, 2004. Both actions arise out of the same incident occurring in late 2002 and early 2003. As of December 14, 2004, in both cases, no certificates of merit had been filed. All the above named defendants filed petitions for a judgment of non pros for failing to timely file a certificate of merit. A judgment of non pros was entered against plaintiffs, in both cases, on December 14, 2004. On December 21, 2004, plaintiffs filed a petition to open the judgment of non pros. As of an order

dated January 18, 2005, this court denied plaintiffs' petition to open the judgment of non pros. Plaintiffs now appeal that order.

## LEGAL ANALYSIS

Pennsylvania Rule of Civil Procedure 1042.3(a) contains the requirement that, in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff shall file a certificate of merit within 60 days after the filing of the complaint. *Hoover v. Davila,* 862 A.2d 591 (Pa. Super. 2004). Rule 1042.6 allows for the prothonotary to enter a judgment of non pros against the plaintiff for failing to file a certificate of merit within the required time. Pa.R.C.P. 1042.6. The procedure to open a judgment of non pros entered pursuant to Pa.R.C.P. 1042.6 is governed by Pa.R.C.P. 3051. *Koken v. Lederman,* 840 A.2d 446 (Pa. Commw. 2003). In order to open the judgment, Rule 3051 requires: (1) the petition to open be timely filed; (2) there be reasonable or justifiable excuse for any delay; and (3) there be a meritorious cause of action.

In the case sub judice, plaintiffs filed complaints for dental malpractice, against both sets of defendants, on October 12, 2004. It is undisputed that this is a professional liability action and a certificate of merit is required. Pursuant to Pa.R.C.P. 1042.3(a), plaintiffs were required to file a certificate of merit or a motion for extension of time to file a certificate of merit within 60 days of initiating the action. Sixty days after the initiation of each action would have been December 12, 2004. As of De-

cember 14, 2004, no certificate of merit had been filed, and a judgment of non pros was properly entered.

As stated above, Pa.R.C.P. 3051 requires (1) the petition to open be timely filed; (2) there be reasonable or justifiable excuse for any delay; and (3) there be a meritorious cause of action for the opening of judgment of non pros. The judgment of non pros was entered December 14, 2004. Plaintiffs filed a petition to open the judgment on December 21, 2004, one week after the entry of judgment. This court considers one week as timely.

The next requirement is a reasonable or justifiable excuse for any delay. The dental specialist used by plaintiffs fell ill and was unable to complete the opinion letter. Plaintiffs offer the excuse that they "were led to believe" that their expert would provide an opinion letter in sufficient time for them to file a certificate of merit. This is not a reasonable or justifiable excuse for the delay.

"The plaintiff who has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend. The filing of the motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion.

"Consequently, an explanation for the inactivity requires an explanation as to why the plaintiff did not within the 60-day period file a motion to extend the time for filing the certificate of merit." *Hoover v. Davila,* 862 A.2d

591, 595 n.3 (Pa. Super. 2004) (citing *Helfrick v. UPMC Shadyside Hospital,* 65 D.&C.4th 420 (Allegheny Cty. 2003). Since plaintiff had failed to file a motion for extension of time, he could not provide a reasonable explanation under the second prong of Pa.R.C.P. 3051. *Helfrick* at 423. In the case sub judice, plaintiffs should have been in contact with the dental specialist and realized the opinion letter was not going to be completed on time. Plaintiffs should have filed a motion for extension of time. Plaintiffs offer no reasonable excuse for failing to file a motion for extension of time. As a result, plaintiffs failed to satisfy the second prong of Pa.R.C.P. 3051. As for the third prong of Pa.R.C.P. 3051, it is unnecessary to address because one of the elements was not met.

Plaintiffs also raise the argument that Pa.R.C.P. 1042.6 became effective on January 27, 2003, and does not apply retroactively to causes of action previously accruing. Contained in the order promulgating Pa.R.C.P. 1042.6, the Pennsylvania Supreme Court declared "[t]he new and amended rules shall be applicable to actions commenced on or after the effective date of this order." See Supreme Court order, January 27, 2003. Based on the Supreme Court's order, the relevant date is when the plaintiffs' cause of action commenced, not when it accrued. In the case sub judice, the actions commenced on October 12, 2004, which is after the January 27, 2003 date. Pennsylvania Rule of Civil Procedure 1042.6 applies to the present actions.

Wherefore, for the above mentioned reasons, this court's order should be affirmed.