## Vansouphet v. Justman

*Derek R. Layser,* for plaintiffs.
*Robert M. Britton,* for defendants.

NEW, *J.,* May 12, 2005—This court properly denied plaintiffs' petition to strike judgment of non pros because

plaintiff failed to file a timely certificate of merit and offered no good cause for the delay.

## PROCEDURAL AND FACTUAL HISTORY

Vutanna Kai Vansouphet (plaintiff), along with her husband, Warren Kerschbaum, initiated the present medical malpractice action against multiple defendants for the eventual loss of her fetus. The defendants include Judith Justman M.D., Amy Wirtner M.D., Rebecca Gould M.D., and Thomas Jefferson University Hospital. On October 27, 2002, plaintiff presented to defendant Thomas Jefferson with vaginal bleeding; she was pregnant at the time. Upon arrival, plaintiff was seen by Thomas Jefferson University Hospital emergency department physicians, defendants Drs. Justman and Wirtner. Plaintiff was subsequently seen by the on-call OB-GYN, defendant Dr. Gould. After being examined, a diagnosis of spontaneous abortion in progress was made. Plaintiff was then given, among other drugs, Misoprostol. Misoprostol is issued for the termination of pregnancy and is also used for the induction of labor. Misoprostol can cause serious fetal harm when administered to pregnant women. No ultrasound was taken of plaintiff. On November 6, 2002, plaintiff was examined by Dr. Laurie Gerstein, as part of a follow-up visit. An ultrasound was taken. On January 10, 2003, an additional ultrasound was taken and revealed a live fetus. On January 11, 2003, plaintiff delivered a 19-week gestation, 53.93 gram female stillborn fetus. Plaintiff alleges that the use of Misoprostol, along with the failure of the examining doctors on October 27, 2002, to administer an ultrasound, contributed to the loss of the fetus.

Plaintiffs filed a writ of summons on November 16, 2004. A complaint was filed on December 23, 2004. As of 60 days later, February 21, 2005, no certificates of merit or motions to extend time to file certificate of merit had been filed. Subsequently, on February 24, 2005, defendant Justman filed, with the prothonotary's office, a praecipe for the entry of judgment of non pros, which was entered that day. On February 25, 2005, defendants Wirtner, Gould, and Thomas Jefferson filed for, and received, a judgment of non pros against plaintiffs. On March 15, 2005, plaintiffs filed a motion to strike the judgment of non pros. By an order dated April 8, 2005, this court denied plaintiffs' motion to strike the judgment of non pros as to all defendants. Plaintiffs now appeal that order.

## LEGAL ANALYSIS

The denial of a petition to open and/or strike judgment of non pros is subject to the abuse of discretion standard; an exercise of that discretion will not be reversed on appeal unless there is proof of manifest abuse thereof. *Hoover v. Davila,* 862 A.2d 591 (Pa. Super. 2004). Pennsylvania Rule of Civil Procedure 1042.3(a) contains the requirement that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff shall file a certificate of merit within 60 days after the filing of the complaint. *Hoover* at 593. Rule 1042.6 allows for the prothonotary to enter a judgment of non pros against the plaintiff for failing to file a certificate of merit within the required time. Pa.R.C.P. 1042.6. The procedure to open a judgment of non pros entered pursuant to Pa.R.C.P.

1042.6 is governed by Pa.R.C.P. 3051. *Koken v. Lederman,* 840 A.2d 446 (Pa. Commw. 2003). In order to open the judgment, Rule 3051 requires: (1) the petition to open be timely filed; (2) there be reasonable or justifiable excuse for any delay, and (3) there be a meritorious cause of action.

In the case sub judice, the medical malpractice action was commenced on November 16, 2004, by a writ of summons. On December 23, 2004, a complaint was filed. Pursuant to Pa.R.C.P. 1042.3, plaintiffs had 60 days from December 23, 2004, to file a certificate of merit, or a motion to extend time for the filing of a certificate of merit. The 60 days expired on February 21, 2005. As of February 24 and 25, 2005, no certificates of merit or motions to extend the time for filing a certificate of merit were filed. Defendants filed praecipes for entry of judgment of non pros on February 24 and 25, 2005. A judgment of non pros was properly entered against plaintiffs.

As stated above, the requirements for the opening of a judgment of non pros pursuant to Pa.R.C.P. 3051 are: (1) the petition to open be timely filed; (2) there be reasonable or justifiable excuse for any delay; and (3) there be a meritorious cause of action. Plaintiffs filed the motion to strike judgment of non pros 19 days after the judgment of non pros was entered, on March 15, 2005. This court considers 19 days as timely. Therefore, element one of Pa.R.C.P. 3051 is satisfied.

The next requirement to open a judgment of non pros is a reasonable or justifiable excuse for the delay. Plaintiffs' explanation as to why they failed to file a certificate of merit is "attorney administrative oversight" and

"mistake."[1] Additionally, plaintiffs offered no reason for their failure to file a motion to extend the time for filing a certificate of merit. In *Parkway Corp. v. Edelstein,* 861 A.2d 264, 269 (Pa. Super. 2004), the Superior Court held that plaintiffs "have produced no 'reasonable explanation or legitimate excuse' (Pa.R.C.P. 3051(b)(2)) for their omissions, offering only ignorance as justification. We therefore find no abuse of discretion in the trial court's entry of the judgment of non pros." In the case sub judice, plaintiffs' explanation of "attorney administrative oversight" and "mistake" is not a reasonable or justifiable excuse. Therefore, the second element under Pa.R.C.P. 3051 has not been met. As for the third prong of Pa.R.C.P. 3051, it is unnecessary to address because one of the elements was not met.

Plaintiff also raised the argument that the petition to open judgment of non pros should be granted because there would be no prejudice to the defendants. Defendants are correct in stating that a standard of whether defendants would be prejudiced is not applicable regarding plaintiffs' failure to file a certificate of merit. The Honorable Judge Wettick of the Allegheny Court of Common Pleas stated,

"If a court were to apply Rule 126 to a petition to open a judgment of non pros for failure to file a certificate of merit unless the defendant can show prejudice, the petition would almost always be granted. Defendants are not going to be able to show that they were prejudiced by the late filing of a certificate of merit regardless of

---

1. See plaintiffs' petition to strike entry of judgment of non pros, paragraph 7.

whether the delay involves 10 days, 30 days, or 90 days. Consequently, his use of a prejudice standard would eliminate the rule's deadlines for filing certificates of merits. If, on the other hand, the court were to apply Rule 126, using a cause-shown standard, the plaintiff would be no better off than if the court looked only to Rule 3051 which allows relief where there is a reasonable explanation or legitimate excuse for the inactivity." *Helfrick v. UPMC Shadyside Hospital,* 65 D.&C.4th 420, 424-25 (2003).

Therefore, plaintiffs' contention that granting an opening of the judgment of non pros would not be prejudicial is irrelevant. This court adopts Judge Wettick's analysis of Pa.R.C.P. 126.

Wherefore, for the above mentioned reasons, this court's order should be affirmed.