J-S49044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PECO ENERGY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANN R. WASHINGTON, | |
| Appellant | No. 66 EDA 2016 |

Appeal from the Order November 30, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No 04046 03 Term, 2014

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:             **FILED JUNE 27, 2016**

Appellant Ann R. Washington appeals from the order of the Court of Common Pleas of Philadelphia County granting Appellee PECO Energy Company's motion for summary judgment.  For the foregoing reasons, we affirm.

In March 2014, PECO Energy filed a complaint in replevin and for breach of contract as well as a motion for writ of seizure against Washington, seeking judgment for possession of its utility meter numbered 014851400 as well as damages in the amount of $9,633.38 for unpaid utility service to Appellant's property at 3762 North 18th Street in Philadelphia. After the trial court granted PECO Energy's Motion for Writ of Seizure on May 7, 2014, PECO Energy took possession of the meter.

On October 2, 2014, Washington filed an answer to the complaint. After an arbitration hearing at which Washington was represented by

_____
*Former Justice specially assigned to the Superior Court.

counsel, the arbitration panel awarded PECO Energy its requested damages and possession of the meter. Washington appealed from the arbitration award.

On May 19, 2015, PECO filed a bond as well as a Praecipe for Issuance of a Writ of Seizure for the meter. On June 8, 2015, Washington responded with an Emergency Petition to Stay Execution, which the trial court subsequently dismissed. Washington sought reconsideration of this decision, which was also denied.

In discovery, PECO Energy sent Washington a Request for Admissions and Corresponding Interrogatories. Washington never responded to this request even after PECO Energy informed her that her response was past due and that a failure to respond would deem its Request for Admissions admitted pursuant to Pa.R.C.P. 4014. On October 26, 2015, PECO Energy filed a motion for summary judgment. Washington did not contest or respond to the motion. On December 2, 2015, the trial court granted summary judgment in favor of PECO Energy. This timely appeal followed.

Washington raises one issue for our review on appeal:

> Did the Court below clearly abuse its discretion an [sic] commit an error of law in granting PECO's Motion for Summary Judgment and ruling there were no genuine issues of material fact?

Washington's Brief, at 4.

When reviewing the trial court's decision to grant summary judgment, we employ the following standard:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa.Super. 2014), *reargument denied* (Aug. 18, 2014), *appeal denied*, 108 A.3d 36 (Pa. 2015).

Before we reach the merits of Washington's appeal, we must determine whether she has properly preserved her claim for our review. As noted above, Washington asserts the trial court erred in granting summary judgment as she alleges there was a genuine issue of material fact as to the amount of unpaid utilities she owed PECO.

However, Washington admits she failed to respond to PECO's Request for Admissions and PECO's Motion for Summary Judgment. The trial court was justified in entering summary judgment against Washington based on her inaction in both instances. With respect to a Request for Admissions, Rule 4014(b) provides that "[t]he matter is admitted unless, within thirty

days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney." Pa.R.C.P. 4014(b). *See also Richard T. Byrnes Co. v. Buss Automation, Inc.*, 609 A.2d 1360, 1367 (Pa.Super. 1992) ("the failure to respond to a request for admissions deems the facts contained within the request admitted by the party from whom the admission was sought"). While Washington claims the amount of unpaid utilities was an issue of material fact, her failure to respond to PECO Energy's request for admission that she owed PECO Energy the sum of $12,108.95 as of March 24, 2015 was deemed an admission of that fact.[1]

In addition, the trial court was also justified in entering summary judgment against Washington by her failure to respond to PECO Energy's motion for summary judgment. Our rules of civil procedure provide that the "adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion." Pa.R.C.P. 1035.3(a). Moreover, "[s]ummary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3(d).

---

[1] Washington did not seek to have this admission withdrawn or amended. *See* Pa.R.C.P. 4014(d) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission").

- 4 -

As a litigant who chooses to proceed *pro se* is not absolved from complying with procedural rules, we conclude that the trial court did not err in granting PECO Energy's uncontested motion for summary judgment. ***Hoover v. Davila***, 862 A.2d 591, 595 (Pa.Super. 2004).

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2016