J-S74016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARY BUSH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| THOMAS LAWRENCE | |
| Appellee | No. 1713 EDA 2018 |

Appeal from the Order Entered April 26, 2018
In the Court of Common Pleas of Chester County
Civil Division at No: 2016-06184-TT

BEFORE:  LAZARUS, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 11, 2019**

Appellant, Mary Bush, appeals *pro se* from the April 26, 2018 order sustaining preliminary objections to her third amended complaint and dismissing the complaint with prejudice.  We affirm.

The record reveals that Appellant's mother, Genevieve Bush ("Mrs. Bush"), is a resident at a nursing home.  According to the parties' filings in this case, Appellant's conduct at the nursing home was disruptive and upsetting to Mrs. Bush, to other residents, and to the nursing home staff.  In January of 2016, Appellant was arrested and charged with trespass, disorderly conduct, and resisting arrest based on her behavior at the nursing home.  Appellee, Thomas Lawrence, serves as the attending physician for the nursing home.  At the request of the nursing home's director of nursing, Appellee wrote a letter to be read in court during a hearing on Appellant's petition for

bail modification in the criminal proceeding. Appellee's May 23, 2016 letter reads as follows:

> To Whom It May Concern:
>
> Ms. Genevieve Bush is a patient under my care at Park Lane at Bellingham nursing facility where I serve her as Attending Physician. I was asked to comment on the appropriateness of her receiving visits from her daughter and the impact that this has on her health. Her daughter has a long-standing history of causing turmoil during her visits and the staff at the nursing facility have witnessed Ms. Bush to be extremely upset by these visits. In addition, I have been informed that her daughter has been disruptive to the staff and to their caring for other residents as well as being disruptive to the other residents directly.
>
> Also of great concern is that her daughter fabricates untruths regarding Ms. Bush's medical care and her medical condition. On one occasion she relayed a series of untrue statements about her health to her cardiologist causing him to change orders for treatment without even seeing the patient. On numerous occasions the Pennsylvania Department of Health has been given false reports about her health status from her daughter who has not had any direct information about her health for some time. It is my understanding that her daughter has been prevented from visiting her at that facility due to the negative impact her visits have on her mother's health as well as disruption to the other residents and staff at the facility.
>
> Please let me know if I can answer any questions about these issues. Thank you.

Third Amended Complaint, at Exhibit A.

According to Appellant, the judge presiding over the criminal proceeding imposed a bail condition prohibiting Appellant from visiting the nursing home. Regardless of the criminal proceedings, the nursing home decided in January of 2016 to forbid entry to Appellant. Given her inability to visit her mother, Appellant states that "[t]he issue before this court is a matter of justice for a

mother and daughter." Appellant's Reply Brief at 1. We disagree, inasmuch as the propriety of the bail condition is not before us and the nursing home is not a party to this action. Rather, we must address the trial court's dismissal of Appellant's civil action against Appellee.

Procedurally, Appellant *pro se* filed an original and three amended complaints against Appellee alleging defamation and related causes of action[1] based on his authorship of the May 23, 2016 letter. After each successive complaint, the trial court sustained Appellee's preliminary objections. In footnotes to its orders, the trial court explained to Appellant that her complaints were woefully legally deficient and offered suggestions for correcting some of the problems. The order sustaining Appellee's preliminary objections to Appellant's second amended complaint warned Appellant that similar failures in her third amended complaint would result in dismissal with prejudice. When her third amended complaint failed to cure any of the deficiencies, the trial court sustained Appellee's fourth round of preliminary objections and dismissed Appellant's complaint with prejudice. This timely appeal followed.

We conduct our review according to the following:

> Our standard of review of an order of the trial court overruling or sustaining preliminary objections is to determine whether the trial court committed an error of law. When

---

[1] Appellant's third amended complaint included, in addition to defamation, a civil conspiracy cause of action. Her appellate briefs do not develop a coherent argument regarding the dismissal of that cause of action.

considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Adams v. Hellings Builders, Inc.*, 146 A.3d 795, 798 (Pa. Super. 2016) (citation and alterations omitted).

Appellant's third amended complaint, filed December 19, 2017, is a rambling, incoherent, forty-six page document written largely in narrative form. The Judicial Code places the following burden on a defamation plaintiff:

**(a) Burden of plaintiff.--**In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

- 4 -

42 Pa.C.S.A. § 8343(a).

Among many deficiencies, Appellant fails to explain precisely which statements in Appellee's May 23, 2016 letter are defamatory. Further, Appellant fails to explain precisely to whom—other than the presiding judge in the criminal case—Appellee published his allegedly defamatory statements. As Appellee correctly notes, "[a] complaint for defamation must, on its face, identify specifically what allegedly defamatory statements were made, and to whom they were made. Failure to do so will subject the complaint to dismissal for lack of publication." *Moses v. McWilliams*, 170, 549 A.2d 950, 960 (Pa. Super. 1988), *appeal denied*, 558 A.2d 532 (Pa. 1989). Appellant also fails to explain how any recipient or recipients of the May 23, 2016 letter appreciated its allegedly defamatory character. We observe that the letter never names Appellant. Additionally, Appellant's complaint and appellate brief fail to allege or explain why Appellee's letter was not subject to absolute judicial privilege. *See generally*, *Schanne v. Addis*, 121 A.3d 942, 945 (Pa. 2015).

Rather than address these issues, Appellant spends much of her principal and reply briefs complaining of procedural deficiencies with Appellee's preliminary objections, which she believes misstated pertinent facts and failed to include a proper verification. These assertions, even if correct

(we express no opinion), do not absolve Appellant of her failure, in four tries, to state a claim upon which relief could be granted.[2]

In light of all of the foregoing, we discern no error in the trial court's order sustaining Appellee's preliminary objections and dismissing the complaint with prejudice. *See Spain v. Vicente*, 461 A.2d 833, 837 (Pa. Super. 1983) (noting that "the right to amend will be withheld if there does not appear to be a reasonable possibility that amendment will be successful.").[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/19

---

[2] *See* Pa.R.C.P. No. 1028(a)(4).

[3] Appellant cites *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), in which the United States Supreme Court held that the pleadings of a *pro se* incarcerated litigant should not be held to the same stringent standard as pleadings drafted by an attorney. The litigant in *Haines* was seeking redress against the state governor and various prison officials for alleged deprivation of rights during his incarceration. *Id.* For purposes of a state law civil claim in Pennsylvania, however, this Court has held that *pro se* litigants are "not absolved from complying with procedural rules." *Hoover v. Davila*, 862 A.2d 591, 595 (Pa. Super. 2004). Even so, the trial court permitted Appellant to amend her complaint three times and offered Appellant guidance on how to cure the various deficiencies in her complaints. The order on appeal was not the result of unfair treatment of a *pro se* litigant.