J-S36016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEFA S. TANKERSLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS O. LOMAX | : | |
| | : | |
| Appellant | : | No. 954 EDA 2023 |

Appeal from the Order Entered March 15, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  0C2208520

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM PER CURIAM:                    **FILED OCTOBER 30, 2023**

Appellant Nicholas O. Lomax (Father) appeals *pro se* from the order granting Josefa S. Tankersly (Mother) sole legal and physical custody of their minor child N.J.L. (Child).  Father argues that the trial court erred by declining to hear evidence and failing to consider the statutory custody factors and the best interest of Child.  Father also claims that the trial court erred by considering Father's refusal to take an oath in making its custody determination.  We vacate and remand for further proceedings.

By way of background, Mother filed a *pro se* complaint for custody on October 19, 2022.  Father filed a counseled complaint for custody on November 3, 2022.  Following a hearing on November 10, 2022,[1] the trial court entered a temporary custody order granting the parents shared legal

_____

[1] At the November 10, 2022 hearing, Father was represented by counsel and Mother represented herself.

custody and shared physical custody, with Father having physical custody from Sunday evenings to Wednesday evenings and Mother having physical custody from Wednesday evenings to Sunday evenings.

The trial court held a custody hearing on March 15, 2023. Mother and Father were both present and represented themselves. At the outset of the hearing, the trial court asked the parties to swear to testify truthfully. N.T., 3/15/23, at 3. Father refused to take an oath. *Id.* Father then stated, "I am the beneficiary of the all caps name, Nicholas Lomax." *Id.* at 4; *see also id.* at 5 (Father stated that "I go by, 'Nick.' And, yes, . . . I am known by that name. It's just that the all caps fiction is not -- is not I. Who we have on the record today, the all capital letters fiction, that's not me. I'm here as the beneficiary on as a special appearance for the name"). Mother identified Father as the father of Child. *Id.* at 4.

Mother requested that the trial court amend the custody order to change the times and locations of the custody exchanges. *Id.* at 5-7. The trial court asked Father if he agreed to the proposed change, and Father replied "[t]his whole [c]ourt thing, I do not consent to this." *Id.* at 7. Father then orally moved to "have this court debacle dismissed." *Id.* at 8. The trial court denied Father's motion. *Id.* Father requested an explanation for the denial of his motion and addressed the trial court judge by his first name. *Id.* The trial court directed Father to leave the courtroom and requested a sheriff's deputy. *Id.* Father did not exit the courtroom and stated that he did not recognize the trial court's authority. *Id.* at 12-13.

The trial court observed that it could not proceed to a custody factor analysis under the circumstances. *Id.* at 13. Father attempted to interject, but the trial court responded that because Father did not recognize the authority of the court, the trial court could not hear from Father. *Id.* at 14. Mother asked the trial court for sole legal and sole physical custody, which the trial court granted. *Id.* at 15; *see also* Trial Ct. Order, 3/15/23. Father repeatedly stated that he did not consent and asked the trial court judge for his oath. N.T., 3/15/23, at 15-16. The trial court then concluded the hearing. *Id.* at 16.

Father filed a timely motion for reconsideration, which the trial court denied on March 30, 2023. Father subsequently filed a timely notice of appeal. On May 2, 2023, this Court ordered Father to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i), (b). Father complied and filed his Rule 1925(b) statement on May 11, 2023.[2]

The trial court sent a letter to this Court on May 22, 2023 requesting that this Court relinquish jurisdiction and remand the matter to the trial court for further proceedings to address the issue raised in Father's Rule 1925(b) statement and Father's recently filed petition to modify. Pursuant to a show

---

[2] In a Children's Fast Track appeal, "[t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal." Pa.R.A.P. 1925(a)(2)(i). Although Father did not simultaneously file his Rule 1925(b) statement with his notice of appeal, he complied with this Court's order to file a concise statement. Therefore, we decline to find waiver because the late filing of the Rule 1925(b) statement does not run contrary to an order of this Court or of the trial court, and no party has raised any allegation of prejudice. *See In re K.T.E.L.*, 983 A.2d 745, 747-48 (Pa. Super. 2009).

cause order of this Court, Father filed a response opposing the trial court's request for remand. *See* Father's Resp. to Order, 5/31/23. This Court then discharged its show cause order. *See* Order, 954 EDA 2023, 6/1/23. The trial court then issued a memorandum in lieu of a Rule 1925(a) opinion again requesting that this Court relinquish jurisdiction and remand the matter for the trial court to conduct a complete analysis of the 23 Pa.C.S. § 5328(a) factors and resolve the parties' complaints for custody. *See* Trial Ct. Op., 6/16/23, at 2.[3]

On appeal, Father raises the following issues for our review:

1. Did the [trial court] commit an err[or] of law and did not review evidence to support its findings of facts in the best interest of the child (23 Pa. C.S § 5328)[?]

2. Did the [trial court] commit an err[or] of law and its record lack weight of evidence to support its findings of fact/conclusions of law to award sole legal and sole physical custody of minor child [N.J.M.[4]] to [M]other . . . [?]

---

[3] The trial court notes that it never scheduled a hearing for or resolved Father's November 3, 2022 complaint for custody. *See* Trial Ct. Op., 6/16/23, at 2 n.1; *see also* Trial Ct. Order, 3/15/23 (stating that "the complaint for custody filed 10/19/22 by Mother is resolved by final order" (formatting altered). Although the trial court's March 15, 2023 order did not expressly address Father's complaint for custody, the trial court clearly intended it to be a final order that disposed of all claims, therefore this Court has jurisdiction over the instant appeal. *See* Pa.R.A.P. 341.

[4] Father uses the Child's full name instead of her initials throughout his brief. *See* Case Records Public Access Policy of the Unified Judicial System of Pennsylvania ("Public Access Policy") § 7.0(A)(5), (D). Because the record of this Children's Fast Track matter has already been sealed, this Court does not have to order Father's brief be sealed. *See id.* at § 7.0(F) (providing that a

*(Footnote Continued Next Page)*

3. Did the [trial court] abuse its discretion and commit an err[or] of law in determining that [Father's] refusal to take an oath and question jurisdiction is evidential/substantial cause to adjudicate father of his parental skills and/or revoke his parental rights as a father; sufficient evidence to support its findings of facts in the best interest of the child[?]

Father's Brief at 6-7.

Father's first two issues are related; therefore, we discuss them together. Father argues that the trial court failed to consider the custody factors set forth in 23 Pa.C.S. § 5328(a). *Id.* at 14-15, 19. Father also contends that the trial court did not make a determination regarding the best interests of Child. *Id.* at 15. Additionally, Father asserts that the trial court did not hear any evidence before making its decision. *Id.* at 19.

In custody cases under the Child Custody Act (the Act), 23 Pa.C.S. §§ 5321-5340, our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand.

_____

court may *sua sponte* order a document that violates the Public Access Policy be sealed).

Further, Father's brief does not contain a certification of compliance with the Public Access Policy. *See* Pa.R.A.P. 127(a); 2111(a)(12). This Court has held that "*pro se* status confers no special benefit upon the appellant." **S.S. v. T.J.**, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citations omitted). "A *pro se* litigant is not absolved from complying with procedural rules." **Hoover v. Davila**, 862 A.2d 591, 595 (Pa. Super. 2004) (citations omitted). We caution Father to comply with the Public Access Policy in the future.

> However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*E.R. v. J.N.B.*, 129 A.3d 521, 527 (Pa. Super. 2015) (citation omitted); *see also M.A.T. v. G.S.T.*, 989 A.2d 11, 19 (Pa. Super. 2010) (*en banc*) (explaining that "[a]n abuse of discretion is also made out where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence" (citations omitted)).

"When a trial court orders a form of custody, the best interest of the child is paramount." *E.R.*, 129 A.3d at 527 (citation omitted). Section 5328(a) sets forth the best interest factors that the trial court must consider in awarding custody. *See id.*; *see also* 23 Pa.C.S. § 5328(a) (stating that "[i]n ordering any form of custody, the court **shall** determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following" (emphasis added)); *A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014) (stating that "[**a**]**ll** of the factors listed in [S]ection 5328(a) are required to be considered by the trial court when entering a custody order. . . . The record must be clear on appeal that the trial court considered all the factors" (citations omitted and emphasis in original)).

Further, the Rules of Civil Procedure provide that "[n]o judgment [in a custody matter] may be entered by default or on the pleadings." Pa.R.C.P.

1915.9; *see also D.N. v. D.W.*, Nos. 1103 WDA 2021, 1104 WDA 2021, 2022 WL 1511705, at *3 (Pa. Super. filed May 13, 2022) (unpublished mem.) (vacating the custody orders that the trial court entered by default after the father failed to appear for the custody hearing pursuant to Rule 1915.9 and remanding for the trial court to determine the best interests of the children).[5]

Here, our review of the record indicates that the trial court did not make any determination regarding the best interests of Child or make any findings regarding the Section 5328(a) factors. *See* N.T., 3/15/23, at 1-16; Trial Ct. Order, 3/15/23. Furthermore, the trial court determined that it could not hear from Father after Father explained that he did not recognize the trial court's jurisdiction and disrupted the proceedings with obstreperous behavior.[6] *See* N.T., 3/15/23, at 13-16. We appreciate the trial court's exasperation with Father's behavior, such that it is not certain to what extent the trial court could have moved forward with the hearing. Further, we note the trial court's May

---

[5] *See* Pa.R.A.P. 126(b) (stating that an unpublished, non-precedential memorandum decision filed after May 1, 2019, may be cited for its persuasive value).

[6] We note that it is well-established that a judge has broad discretion to maintain control of the courtroom. *See, e.g.*, *Behr v. Behr*, 695 A.2d 776, 778-79 (Pa. 1997) (discussing a court's discretion to use its contempt power to maintain courtroom authority); *In re Arrington*, 214 A.3d 703, 707 (Pa. Super. 2019) (affirming conviction for contempt of court where the defendant used his cellphone in the courtroom in violation of the Allegheny County Courthouse's prohibition against using cellphones and defied the judge's directive to put his cellphone away). However, notwithstanding the disruptions that Father caused, the trial court did not hold Father in contempt.

22, 2023 letter and its memorandum in lieu of a Rule 1925(a) opinion requesting that this Court remand this matter for further proceedings to conduct a complete analysis of the 23 Pa.C.S. § 5328(a) factors and to resolve the parties' complaints for custody, and further, to address Father's issues raised in his Rule 1925(b) statement. For these reasons, we vacate the trial court's March 15, 2023 custody order and remand for the trial court to consider the Section 5328(a) factors and to address Father's Rule 1925(b) claims.[7]  *See generally E.R.*, 129 A.3d at 527; *D.N.*, 2022 WL 1511705, at *3; Pa.R.C.P. 1915.9.[8]  We emphasize that this remand order does not

_____

[7] In light of our disposition and the well-established principle that "courts should avoid constitutional issues when the issue at hand may be decided upon other grounds[,]" we decline to address Father's constitutional claims regarding the custody order. *See Interest of D.R.*, 232 A.3d 547, 559 n.14 (Pa. 2020) (citation omitted).

[8] In light of our disposition, we decline to address Father's remaining claim that the trial court erred by considering his refusal to swear an oath. In any event, we note that a person who appears before the courts of this Commonwealth may affirm to tell the truth instead of swearing an oath. *See* Pa.R.E. 603; 42 Pa.C.S. § 5901.

However, the record belies Father's characterization of the trial court's response to Father's refusal to swear an oath. *Compare* Father's Brief at 19-20 *with* N.T., 3/15/23, at 3-16. Our review of the record indicates that Father's refusal to swear an oath was part of his repeated attempts to disrupt the proceedings and refusal to acknowledge the trial court's jurisdiction. Specifically, Father refused to "consent" to the proceedings, asserted that the court documents which spelled his name using only capital letters did not refer to him, but rather to a separate, fictious entity and that Father was making a "special appearance" on behalf of that entity, and Father demanded to see the trial court judge's oath. *See* N.T., 3/15/23, at 3-5, 7-8, 12-16. Father's arguments to the trial court are consistent with those of so-called "sovereign
*(Footnote Continued Next Page)*

prevent the trial court from exercising its broad discretion to maintain order in its courtroom during further proceedings in this matter.

Order vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023

---

citizens." *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 761-64 (7th Cir. 2011); *Commonwealth v. Haltiwanger*, 169 N.E.3d 1198, 1202-06 (Mass. App. Ct. 2021); *Anderson v. Commonwealth*, 707 WDA 2021, 2022 WL 909613, at *1 n.2 (Pa. Super. filed Mar. 29, 2022) (unpublished mem.); *Brown v. State*, 593 S.W.3d 404, 409-13 (Tex. App. 2020). Both federal and state courts have repeatedly rejected these "sovereign citizens'" arguments about jurisdiction as frivolous. *See, e.g.*, *Benabe*, 654 F.3d at 767; *Anderson*, 2022 WL 909613, at *1 n.2; *Commonwealth v. McGarry*, 172 A.3d 60, 66 (Pa. Super. 2017); *Brown*, 593 S.W.3d at 410-13.