J-A15035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :             PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| LIONEL LAMONT WEATHERS | : |
| | : |
| Appellant | : No. 1089 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 9, 2025
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-SA-0000111-2025

BEFORE:   KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED JUNE 11, 2026**

Lionel Lamont Weathers appeals from the judgment of sentence imposed following his summary conviction of driving a vehicle without rear lighting. **See** 75 Pa.C.S. 4303(b). Weathers was found guilty after a trial *de novo* and was sentenced to the reimposition of the costs, fines, and penalties that had been initially assessed by the magisterial district court, amounting to $330.15. **See** Sentence Order, 7/9/25; Praecipe to Enter Judgment, 7/9/25. We dismiss the appeal due to Weathers's failure to comply with the Rules of Appellate Procedure, deviations of which have meaningfully impeded our review of this appeal.

In his fifty-six-page brief before this Court, Weathers raises eleven issues. **See** Appellant's Brief at 6-7. Nevertheless, despite his brief's length,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Weathers fails to provide any sort of cogent, relevant, and supported legal analysis, rendering this Court incapable of conducting proper review. Instead, his brief is written in outline format, replete with innumerable incomplete sentences, irrelevant or unexplained citations to various authorities, and red herrings that have nothing to do with this Court's review of his adjudication of guilt for one summary offense.

Specifically, Weathers materially fails to comply with Pennsylvania Rule of Appellate Procedure 2119 insofar as the argument portion of his brief does not provide *any* references to the record nor does it contain any indication as to where, and how, some of the issues he purports to raise on appeal have been preserved. **See** Pa.R.A.P. 2119(c), (e). Conversely, the Commonwealth has pointed out that "[m]yriad claims by [Weathers] are subject to waiver because of [his] failure to raise the issues at trial." Commonwealth's Brief at 13.

Although Weathers is a *pro se* party, he is required to adhere to our procedural rules. **See Norman for Estate of Shearlds v. Temple Univ. Health Sys.**, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (citation and quotation marks omitted); **see also Hoover v. Davila**, 862 A.2d 591, 595-96 (Pa. Super. 2004) ("A *pro se* litigant is not

- 2 -

absolved from complying with procedural rules."). Moreover, it is axiomatic that we must be able to discern the thrust of an argument to provide substantive review of the same. Nevertheless, Weathers has failed to provide the requisite clarity necessary for our corresponding analysis. Simply put, given the total lack of record support, ambiguous citations to a seemingly haphazard array of case law, and disjunct, largely phrase-based writing style of the brief, *none* of Weathers's arguments have been developed in a manner capable of appellate review. **Cf. Commonwealth v. B.D.G.**, 959 A.2d 362, 371–72 (Pa. Super. 2008) (*en banc*) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.").

Accordingly, we dismiss Weathers's appeal in its entirety where the substantial defects in his brief have materially hampered our substantive review of the merits of his claims.[1]

We direct the prothonotary to strike this appeal from the June 24, 2026 argument list.

Appeal dismissed. Case stricken from the argument list. Application for continuance of oral argument denied as moot.

---

[1] On June 5, 2026, Weathers filed an application seeking continuance of the scheduled oral argument on this appeal. Nevertheless, as we are dismissing this appeal, any continuance of oral argument predicated thereon is necessarily rendered moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>06/11/2026</u>