Beth O'HARA, Appellee,

v.

Thomas C. RANDALL, M.D., Genesis Bowen, M.D., Patricia Muthaura, M.D., Pennsylvania Hospital, Ronald Richterman, M.D., Steven Rinehouse, M.D., Wyoming Valley Healthcare Systems, Inc., Ron Konecke, M.D., Center for Diagnostic Imaging, Akram Zalatimo, M.D., Charles Burns, Jr., M.D., Burns, Rumbaugh, Carlisle & Rittenberg Urologic Associates, Edward Carey, M.D., Minda Bermudez, M.D., and Valley Open MRI & Diagnostic Center, Appellees

Appeal of: Ronald Richterman, M.D., Appellant.

Beth O'Hara, Appellee

v.

Thomas C. Randall, M.D., Genesis Bowen, M.D., Patricia Muthaura, M.D.,

Pennsylvania Hospital, Ronald Richterman, M.D., Steven Rinehouse, M.D., Center for Diagnostic Imaging, Akram Zalatimo, M.D., Charles Burns, Jr., M.D., Burns, Rumbaugh, Carlisle & Rittenberg Urologic Associates, Edward Carey, M.D., Minda Bermudez, M.D., and Valley Open MRI & Diagnostic Center, Appellees.

Appeal of: Edward J. Carey, M.D., Appellant.

Appeal of: Akram ZALATIMO, M.D., Appellant.

Appeal of: Minda Bermudez, M.D., Charles Burns, Jr., M.D., Valley Open MRI & Diagnostic Center and Burns, Rumbaugh, Carlisle & Rittenberg Urologic Associates, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 12, 2005.

Filed June 30, 2005.

John Hare, Philadelphia, for Richterman.

Annette Ferrara, Philadelphia, for Carey.

Mark Zolfaghari, Conshohocken, for Zalatimo.

Frederic I. Weinbert, Philadelphia, for O'Hara.

Before: LALLY–GREEN, BOWES and KELLY, JJ.

OPINION BY BOWES, J.:

¶ 1 Dr. Ronald Richterman, Dr. Edward Carey, Dr. Akram Zalatimo, Dr. Minda Bermudez, Valley Open MRI & Diagnostic Center ("Valley MRI"), Burns, Rumbaugh, Carlisle & Rittenberg Urologic Associates ("Urologic Associates"), and Dr. Charles Burns, Jr. (collectively "Appellants") challenge orders vacating judgments of *non pros* entered in this medical malpractice action for failure to file certificates of merit in accordance with Pa.R.C.P. 1042.3(a). Upon review, we vacate and remand with instructions.

¶ 2 The record establishes the following. On December 19, 2003, Beth O'Hara, Appellee herein, filed a complaint against numerous physicians and health care providers alleging that they were negligent in diagnosing and treating cysts that caused her to suffer acute abdominal pain while she was pregnant with her daughter, who was born on August 26, 2000. Dr. Richterman filed preliminary objections on January 5, 2004, and Appellee filed an amended complaint on January 23, 2004, rendering the preliminary objections moot. Thereafter, on February 10, 2004, Dr. Carey filed preliminary objections to the amended complaint, and Appellee responded by filing a second amended complaint on February 17, 2004.

¶ 3 On February 18, 2004, Dr. Zalatimo filed a praecipe for entry of judgment of *non pros* pursuant to Pa.R.C.P. 1042.6, which states that on praecipe of a defendant, the prothonotary "shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that there is no

pending timely filed motion seeking to extend the time to file the certificate." Dr. Richterman then filed a praecipe for judgment of *non pros* on February 20, 2004, and Dr. Bermudez, Dr. Burns, Valley MRI, and Urologic Associates filed a praecipe for judgment of *non pros* on February 23, 2004. In accordance with Rule 1042.6, the prothonotary entered a judgment of *non pros* in favor of each defendant.[1]

¶ 4 On February 24, 2004, four days after the prothonotary entered a judgment of *non pros* in his favor, Dr. Richterman filed preliminary objections to Appellee's second amended complaint. Similarly, Dr. Carey filed preliminary objections on March 1, 2004, and filed a praecipe for entry of judgment of *non pros* on March 3, 2004. In the interim, Appellee filed a motion to strike all judgments of *non pros* on the grounds that the defendants' praecipes had been filed prematurely. Specifically, Appellee argued that she was not required to file certificates of merit until sixty days from the filing date of her second amended complaint. In leveling this claim, Appellee asserted, *inter alia,* that Dr. Richterman and Dr. Carey violated Pa.R.C.P. 1042.4 by filing preliminary objections to the initial complaint and the first amended complaint prior to the expiration of the original sixty-day period for filing certificates of merit. *See* Pa.R.C.P. 1042.3 (in any action premised on allegation of malpractice by licensed professional, attorney for plaintiff or *pro se* plaintiff shall file certificate of merit signed by attorney or party within sixty days after filing of complaint).

¶ 5 By order dated March 30, 2004, the trial court vacated the judgments of *non pros* entered in favor of Dr. Zalatimo, Dr. Richterman, Dr. Bermudez, Dr. Burns, Dr. Carey, Valley MRI, and Urologic Associates.[2] The order also provided that Appellee had sixty days from her last amended complaint to file certificates of merit pursuant to Rule 1042.3. On April 5, 2004, Appellee filed a third amended complaint, which Dr. Richterman answered on April 12, 2004. Then, on May 5, 2004, Appellee's counsel filed a petition to withdraw indicating that he was unable to obtain an expert report that would support her negligence claims against the defendants. Counsel subsequently filed a motion for extension of time in which to file certificates of merit in an effort "to protect Appellee's interests while counsel withdrew [from] representation." Appellee's brief at 1.

¶ 6 Appellants filed motions for reconsideration seeking to reinstate the judgments of *non pros,* which the trial court denied. The court also declined to certify the case for appellate review pursuant to Pa.R.A.P. 1311(a). Thereafter, Dr. Richterman filed a petition for review with this Court pursuant to Pa.R.A.P. 1511, which was granted by *per curiam* order dated July 14, 2004; as a result, the trial court ruled that counsel's motion to withdraw was premature and issued an order staying the proceedings pending our decision.

1. Dr. Thomas Randall, Dr. Genesis Bowen, Dr. Patricia Muthaura, Dr. Ronald Konecke, Pennsylvania Hospital, and Wyoming Valley Healthcare Systems, Inc. each filed a praecipe for entry of judgment of *non pros* in this action, and the prothonotary entered judgment of *non pros* in their favor. The trial court subsequently vacated the judgments entered in favor of Pennsylvania Hospital, Dr. Randall, Dr. Bowen, Dr. Muthaura, and Wyoming Valley Healthcare Systems, Inc. by order dated March 30, 2004; however, none of those defendants is involved in the present appeal.

2. The order actually does not state that it applies to Dr. Carey; however, the trial court stated in its memorandum opinion that it intended to vacate all judgments of *non pros* entered in this case. This irregularity does not affect our disposition in any way; we mention it only for the sake of clarity.

This appeal followed, wherein Appellants maintain that the trial court erred in vacating the judgments of *non pros*.

¶ 7 Our standard of review is settled:

A request to open a judgment of *non pros* is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident.

*Kruis v. McKenna*, 790 A.2d 322, 324 (Pa.Super.2001) (quoting *MacKintosh–Hemphill International, Inc. v. Gulf & Western, Inc.*, 451 Pa.Super. 385, 679 A.2d 1275, 1278–79 (1996)).

■ ¶ 8 Initially, we address Appellee's contention that this appeal was improvidently granted. Appellee claims that no actual controversy exists because "[A]ppellants had and still have the ability to enter a judgment of *non pros* in the [c]ourt below for the failure to file a certificate of merit." Appellee's brief at 5. Consistent with this view, Appellee posits that Appellants are "seeking an advisory opinion . . . ." *Id.* We disagree.

¶ 9 Contrary to Appellee's position, this case does present a justiciable controversy. Appellants claim that the judgments of *non pros* should have been affirmed because Appellee admittedly failed to file certificates of merit, as required by Pennsylvania Rules of Civil Procedure. Appellee, on the other hand, maintains that none of the Appellants was entitled to entry of a judgment of *non pros*. Thus, Appellants are asserting a present claim of right against Appellee, who is contesting that right. Moreover, Appellants' arguments are premised on an existing factual record and not upon future circumstances that might not arise. Accordingly, we reject Appellee's contention that this Court lacks authority to hear the appeal.

■ ¶ 10 We now examine the controversy surrounding the trial court's decision to vacate the judgments of *non pros* entered in accordance with Rule 1042.6. Appellee posits that the court acted appropriately under the circumstances because some of the defendant physicians filed preliminary objections before the initial sixty-day period for filing certificates of merit had expired, resulting in a violation of Rule 1042.4, which states:

**Rule 1042.4. Responsive Pleading**

A defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the certificate of merit on that defendant, whichever is later.

¶ 11 Appellee claims that she was forced to file amended complaints in response to the physicians' "untimely" preliminary objections, and the filing of each amended complaint rendered the preceding complaint moot, thereby extending the sixty-day period for filing certificates of merit. Appellee's brief at 7. Appellants argue that Appellee's position is untenable in light of this Court's decision in *Hoover v. Davila*, 862 A.2d 591 (Pa.Super.2004). For reasons discussed *infra*, we agree with Appellants that the trial court abused its discretion in vacating the judgments of *non pros*.

¶ 12 At the outset, we note that this case hinges on application of Pa.R.C.P. 1042.3, which provides in relevant part:

**Rule 1042.3. Certificate of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certifi-

cate of merit signed by the attorney or party that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice, or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> . . . .
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard, or
>
> . . . .
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> . . . .

(b) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

> . . . .

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

¶ 13 As noted, Appellants maintain that the trial court's actions do not comport with our decision in *Hoover v. Davila, supra.* In that case, the plaintiff instituted a medical malpractice action on February

12, 2003, by filing a *pro se* complaint against four physicians alleging that they failed to diagnose a condition that caused injury to his left femur. However, due to the plaintiff's inability to effectuate service, the complaint was reinstated on March 10, 2003, and again on April 10, 2003. During this period, the plaintiff did not file certificates of merit pursuant to Rule 1042.3 or request an extension of time in which to file the certificates. As a result, on April 29, 2003, three of the defendant physicians filed a praecipe for entry of judgment of *non pros* pursuant to Rule 1042.6, and the prothonotary entered judgment in their favor. The plaintiff then filed a *pro se* motion to extend the period for filing a certificate of merit against the remaining defendant, and the trial court issued a rule to show cause upon that defendant to demonstrate why the motion should not be granted. The defendant filed a response to the rule to show cause on June 16, 2003.

¶ 14 In the interim, the plaintiff hired an attorney and filed a petition to open or strike the judgment of *non pros*, which contained certificates of merit pertaining to the three defendants who had had judgment entered in their favor. Following a hearing, the trial court denied the petition to open or strike the judgment of *non pros* and denied the plaintiff's motion for an extension of time in which to file a certificate of merit against the fourth defendant, concluding that the plaintiff failed to provide a reasonable explanation for neglecting to file timely certificates of merit.

¶ 15 On appeal, the plaintiff asserted that the trial court abused its discretion in denying his petition to open or strike the judgment because the sixty-day period described in Rule 1042.3(a) did not begin to run until the date of his last reinstated complaint. We flatly rejected this contention, holding that the sixty-day period "for

the filing of a certificate of merit or for requesting an extension of time clearly runs from the date of the filing of the original complaint . . . ." *Id.* at 594 (emphasis in original). In so holding, we adopted the following rationale:

> The term filing, while not specifically defined within the rules of civil procedure, must be accorded its plain meaning according to its common and approved usage. 1 Pa.C.S.A. § 1903. Black's Law Dictionary defines the term filing to mean to "deliver a legal document to the court clerk or record custodian for placement into the official record." Black's Law Dictionary 643 (7th ed.1999). In other words, filing is the initial commencement of an action.

*Id.* Thus, we determined that the trial court properly denied the plaintiff's motion to open or strike the judgment of *non pros.*

¶ 16 Similar to the plaintiff in *Hoover,* Appellee urges this Court to calculate the sixty-day filing period from the date of her last amended complaint rather than the date of her initial complaint, which was filed on December 19, 2003. In making this request, Appellee contends that: (1) she was "forced" to file amended complaints in response to preliminary objections; and (2) by filing preliminary objections within the sixty-day period outlined in Rule 1042.3(a), certain defendants "violated" Rule 1042.4. Neither claim warrants relief.

¶ 17 Assuming *arguendo* that Appellee had no choice but to file amended complaints in response to preliminary objections filed by Dr. Richterman and Dr. Carey, we are not persuaded by her argument that the sixty-day filing period started anew each time she filed an amended complaint. Rule 1042.3 states that the plaintiff must file a certificate of merit as to each licensed professional against whom a claim

is asserted within sixty days of the filing of the complaint; the rule does not contain an exception for cases where an amended complaint is filed, and we will not create one. As this Court noted in *Hoover,* the term "filing" refers to the "initial commencement of an action," *i.e.,* the date on which the initial complaint was delivered to court personnel. *Id.* at 594. Therefore, consistent with *Hoover,* we hold that the filing of an amended complaint does not afford the plaintiff an additional sixty days in which to file a certificate of merit.

¶ 18 Our decision is bolstered by section (d) of Rule 1042.3, which provides that the trial court shall extend the time for filing a certificate of merit "for a period not to exceed sixty days" upon motion of the plaintiff, who must file the motion to extend on or before the original filing date and show "good cause" for seeking an extension. If we were to adopt Appellee's position that the filing of an amended complaint automatically gives the plaintiff an additional sixty days in which to file a certificate of merit, an unscrupulous plaintiff could repeatedly undermine the trial judge's authority to deny a motion for extension of time simply by filing multiple amended complaints. We cannot sanction such an imprudent course of action.

¶ 19 Lastly, we reject Appellee's argument that Dr. Richterman and Dr. Carey both violated Rule 1042.4 by filing preliminary objections during the period when Appellee was permitted to file certificates of merit against them. As noted *supra,* Rule 1042.4 provides that a licensed professional who is being sued for malpractice "shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the certificate of merit on that defendant, whichever is later." Appellee contends that because the rule contains the phrase "whichever is later," none of the defendants herein was

permitted to file preliminary objections until the sixty-day period for filing a certificate of merit had expired. This claim is patently meritless. Contrary to Appellee's position, Rule 1042.4 does not preclude a defendant from filing a responsive pleading before the time for filing a certificate of merit has expired; it merely provides that a defendant must file a responsive pleading within twenty days after being served with a certificate of merit. Since Dr. Richterman and Dr. Carey elected to file preliminary objections before the sixty-day period for filing a certificate of merit expired, Rule 1042.4 was not implicated in this case.

¶ 20 Based on our review of the record, which establishes that Appellee did not file any certificates of merit within the designated period or submit a timely request for an extension of time in which to file them, we find that the trial court abused its discretion in vacating the judgments of *non pros* entered in favor of Appellants. Hence, we remand the case for entry of judgment of *non pros* in their favor.

¶ 21 Orders vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.