# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Onofrio Louis Positano, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 93 C.D. 2016 |
| | : | Submitted: June 24, 2016 |
| John Wetzel, Secretary; | : | |
| John Kerestes, Superintendant; | : | |
| John Lisiak; Ruth Connor, | : | |
| Administrator; Bernadette Mason; | : | |
| Michael Vuksta; Marva Cerullo; | : | |
| Corizon Health Inc., a/k/a | : | |
| Prison Health Services Inc.; | : | |
| and Ruth Cohoon | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: August 10, 2016**

Onofrio Louis Positano (Plaintiff), representing himself, appeals from an order of the Court of Common Pleas of Schuylkill County[1] (trial court) denying his petition for relief from a judgment of *non pros* in a medical malpractice case. Ultimately, the trial court determined Plaintiff failed to comply with Pennsylvania Rule of Civil Procedure No. 1042.3, which requires that an unrepresented plaintiff in a professional malpractice case file a certificate of merit, supported by a written statement from an appropriate licensed professional, stating the professional defendant's conduct fell outside acceptable professional standards and contributed to the plaintiff's harm.  For the reasons that follow, we affirm.

---

[1] The Honorable Jacqueline L. Russell presided.

# I. Background

This case originated in the Court of Common Pleas of Luzerne County. In April 2013, Plaintiff, an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), filed a professional liability claim alleging he suffered from negligent and inappropriate medical care provided at SCI-Mahanoy. Essentially, Plaintiff claimed the medical staff at SCI-Mahanoy failed to properly diagnose and treat a dangerous cardiac condition, which resulted in the need for emergency quadruple bypass surgery. Plaintiff further averred that following surgery, the medical staff's ongoing negligence caused his condition to worsen, which will result in the need for additional bypass surgeries.

Plaintiff named the following Defendants: John Wetzel, Secretary of the Department of Corrections; John Kerestes, Superintendent at SCI-Mahanoy; Marva Cerullo, Corrections Health Care Administrator (at all relevant times); Ruth (Connor) Cohoon, a part-time nurse at SCI-Mahanoy; Bernadette Mason, Unit Manager at SCI-Mahanoy (at all relevant times); and, Michael Vuksta, Deputy Superintendent at SCI-Mahanoy (at all relevant times) (collectively, Commonwealth Defendants). Plaintiff also named Dr. John Lisiak, his physician of record and an employee of Corizon Health, Inc. (Corizon), a/k/a Prison Health Services, as a Defendant. Plaintiff alleged Dr. Lisiak served as Medical Director at SCI- Mahanoy.

Because the events at issue in the complaint allegedly occurred at SCI-Mahanoy in Schuylkill County, the Luzerne County trial court transferred the case to Schuylkill County. In May 2013, prior to the transfer, the Luzerne County

trial court entered a judgment of *non pros* in favor of Dr. Lisiak based on Plaintiff's failure to file a certificate of merit, an essential requirement in professional liability claims. See Pa. R.C.P. No. 1042.3. Thereafter, On June 12, 2013, Plaintiff filed a certificate of merit, wherein he indicated he did have a written statement from a licensed professional.

After the transfer, Plaintiff filed an amended complaint in June 2014, which added Corizon as a Defendant.[2] Plaintiff claimed Corizon was responsible for Dr. Lisiak's actions. Thereafter, Corizon filed notice of its intention to seek a judgment of *non pros* based on Plaintiff's failure to file a certificate of merit and a written statement by a licensed professional as required by Pa. R.C.P. No. 1042.3. Although Plaintiff filed a certificate of merit, he failed to attach a supporting written statement by a licensed professional required for unrepresented plaintiffs. See Pa. R.C.P. No. 1042.3(e). In September 2014, the trial court entered judgment of *non pros* for Corizon based on Plaintiff's failure to file the written statement.

In March 2015, Defendants Wetzel, Kerestes, Cerullo, Cohoon, Mason and Vuksta notified Plaintiff of their intention to seek judgment of *non pros* on all medical professional liability claims alleged against them. Defendants alleged Plaintiff failed to file certificates of merit and an attached written statement by a licensed professional as required by Pa. R.C.P. No. 1042.3.

---

[2] Plaintiff sued all Defendants in their individual capacities. See Certified Record (C.R.), Am. Compl., 6/25/14, at ¶¶2-8.

3

In response, Plaintiff filed certificates of merit with respect to each Defendant. With each certificate, Plaintiff also filed an April 7, 2014 letter purportedly written by Frank R. Lewis, M.D. (Dr. Lewis), which stated:

> Dear Mr. Positano,
>
> After review of your history, it is my opinion that the medical care and treatment you received was clearly below the standard medical practice of a licensed professional. I urge you to be re-examined and tested for possible underlying problems as soon as possible.

Supplemental Reproduced Record (S.R.R.) at 61b, 63b, 65b, 67b, 69b, 71b.

Dr. Lisiak's counsel questioned the authenticity of Dr. Lewis's letter because it contained two different styles of type. The type in the body of the statement appeared similar to that in some of Plaintiff's documents filed in the action. Upon investigation, Dr. Lisiak's counsel determined Dr. Lewis did not write the letter. Thereafter, Commonwealth Defendants filed a motion to strike the written statement and certificates of merit, and to enter judgments of *non pros* on the medical professional liability claims against them.

In August 2015, the trial court held a hearing during which Dr. Lewis testified he did not write the body of the letter, which purported to state an expert opinion regarding Plaintiff's medical care. Rather, Dr. Lewis explained, he sent a different letter that did not include any opinion as to Plaintiff's care. Dr. Lewis's actual April 7, 2014 letter stated:

> Dear Mr. Positano:

In response to your letter of April 2, the American Board of Thoracic Surgery is located at 633 No. Saint Clair St., Suite 2320, Chicago, IL, 60611. The Executive Director is Dr. William Baumgartner.

Tr. Ct. Order, 8/25/15 at 4, S.R.R. at 88b. Because Plaintiff's written statement was not an accurate version of Dr. Lewis's letter, which expressed no opinion as to Plaintiff's care, the trial court granted Commonwealth Defendants' motion to strike the certificates and written statement and entered judgment of *non pros* in their favor.

The trial court also addressed Plaintiff's pending petition to open the May 2013 judgment of *non pros* in favor of Dr. Lisiak. In June 2013, Plaintiff filed a certificate of merit as to Dr. Lisiak, wherein Plaintiff stated he had a written statement from a medical professional concluding that Dr. Lisiak's exhibited care, skill or knowledge fell outside professional standards. The trial court provided Plaintiff a final opportunity to file the written statement within 10 days. Tr. Ct. Order, 8/25/15; S.R.R. at 91b. However, Plaintiff never produced the written statement for the trial court. By order dated September 17, 2015, the trial court denied with prejudice Plaintiff's request for relief from the judgment of *non pros* in favor of Dr. Lisiak. Id. at 3-4; S.R.R. at 94b-95b. Plaintiff appeals.[3]

---

[3] Where a plaintiff challenges the dismissal of his case for *non pros*, we are limited to considering whether the trial court abused its discretion. Reaves v. Knauer, 979 A.2d 404 (Pa. Cmwlth. 2009). A reviewing court may reverse the trial court's decision only if the order reflects an unreasonable result, partiality, prejudice, bias, animus or no rational support suggesting the court entered the order erroneously. Id.

## II. Discussion

### A. *Non Pros* in Medical Malpractice Actions

A prothonotary is required to enter a judgment of *non pros* in a medical malpractice action where the plaintiff fails to file a certificate of merit within the required time, provided: there is no pending motion for extension of time to file the certificate or for a determination that the certificate is not necessary; no certificate was filed; the defendant served the plaintiff with notice of intention to enter judgment of *non pros*; and, the praecipe is filed more than 30 days after service of the notice of intention to enter judgment of *non pros*. Pa. R.C.P. No. 1042.7(a); Reaves v. Knauer, 979 A.2d 404 (Pa. Cmwlth. 2009). In addition, entry of judgment *non pros* is authorized where the trial court grants a motion to extend the time to file a certificate and the plaintiff fails to do so, or where the court denies a motion to extend the time to file. Pa. R.C.P. Nos. 1042.6; Reaves.

### B. Argument/Analysis
### 1. Point I: Adherence to Pa. R.C.P. No. 1042.7(a)

In his brief, Plaintiff states nine questions for review, the relevance of which are not immediately apparent.[4] However, Plaintiff divided his argument into

---

[4] In his Statement of Questions, Plaintiff sets forth the following issues:

1. Should the district judge be allowed to perform the duties of judicial office with bias and prejudice?

2. Should the Court be allowed to abuse its discretion by denying the production of evidence imperative to support claims for the

**(Footnote continued on next page…)**

6

suppression of evidence, by subpoena, prior to hearing on the same?

3. Should the Court be allowed to abuse its discretion by proceeding without continuance of hearings, when several motions were still pending before the Court, which, the Court states, 'were received late due to delays of the Courts internal service process'?

4. Should the Court be allowed to abuse its discretion by denying presentation of evidence to validate the Plaintiff's claims for evidence suppression?

5. Should the Court be allowed to abuse its discretion by violating Pa. R.C.P. [No.] 1042.8?

6. Should the Court be allowed to abuse its discretion by allowing a pro se litigant to proceed in court hearings without representation of counsel or any warnings of the risks of proceeding without proper knowledge of the Court's hearing procedural rules?

7. Should the Court be allowed to violaate [sic] the Plaintiff's Fourteenth Amendment Due Process and Equal Protection of Law Clause and ignor[e] Pa. R.C.P. [Nos.] 1042.1, 1042.3 and 4003.5?

8. Should the Court be allowed to abuse, manipulate and violate the Pa. R.C.P. Rules of Criminal [P]rocedures and Criminal Statutes of the Commonwealth of Pennsylvania's Constitution and allow criminal actions to go unanswered, due to fact that the criminal offender is an officer of the Court?

9. Should the Court be allowed to abuse its discretion by granting judgment non pros even though the Court records show the proper notifications were never filed by the Defendants per Pa. R.C.P. [No.] 1042.7?

Appellant's Br. at 5.

four sections or "points."[5] In Point I, Plaintiff contends the trial court abused its discretion in denying his request to reopen the judgment of *non pros* entered in favor of Dr. Lisiak in May 2013 because the docket entries fail to show Dr. Lisiak filed the required notice of intention to enter judgment of *non pros* or notice of intention to file a praecipe for judgment *non pros*, which must be filed no less than 30 days prior to the filing of the praecipe to enter judgment. See Pa. R.C.P. No. 1042.7(a)(3),(4).

We disagree for several reasons. In October 2011, Plaintiff filed a similar medical malpractice claim against Defendants in the U.S. District Court for the Eastern District of Pennsylvania. In December 2011, Dr. Lisiak filed a notice of intention to seek a dismissal or judgment *non pros* based on Plaintiff's failure to file a certificate of merit as required by Pa. R.C.P. No. 1042.7. See S.R.R. at 35b-36b. In March 2013, after the case was transferred to the Middle District, the federal court declined to address Plaintiff's state claims and dismissed the case based on Plaintiff's failure to exhaust administrative remedies. See S.R.R. at 58b.

On April 2, 2013, Plaintiff filed the instant malpractice suit in common pleas court in Luzerne County. On May 24, 2013, more than 30 days later, Dr. Lisiak filed a praecipe to enter judgment of *non pros* under Pa. R.C.P. No. 1042.7 based on Plaintiff's failure to file a certificate of merit. S.R.R. at 30b-32b. Dr. Lisiak attached the notice of intention filed in the federal case. S.R.R. at 34b-35b. In his praecipe, Dr. Lisiak stated (with emphasis added):

---

[5] See Appellant's Br. at 8-11.

8

Plaintiff has failed to file the requisite Certificates of Merit. In support of his medical professional liability claims against Dr. Lisiak within sixty (60) days of the date on which such claims were commenced. In this regard, Plaintiff originally commenced these claims in Pennsylvania on October 26, 2011. <u>On December 1, 2011, as required under Pa. R.C.P. No. 1042.6, Dr. Lisiak served Plaintiff with a Notice of Intention to Seek Dismissal/Judgment of *Non Pros* on Professional Liability Claim for Plaintiff's Failure to File a Certificate of Merit against Defendant John Lisiak, Jr., a true and correct copy of which is attached hereto as Exhibit 'A'. Plaintiff did not thereafter timely file the requite [sic] Certificates of Merit within the next thirty (days) as required by said Notice of Intention</u>. On March 14, 2013, Plaintiff['s] federal lawsuit was dismissed. Plaintiff then filed the same medical professional liability claims against Dr. Lisiak, *inter alios*, in this Honorable Court on April 2, 2013. To date, however, Plaintiff has still not filed the requisite Certificates of Merit in support of his continuing medical professional liability claims against Dr. Lisiak ….

S.R.R. at 30b-31b.

First, we view Dr. Lisiak's December 2011 Notice of Intention sufficient for purposes of compliance with Rule 1042.7(a)(3) and (4) requirements that a notice of intention to enter a judgment of *non pros* be filed and served on the plaintiff at least 30 days before the filing of a praecipe to enter a judgment of *non pros*.[6] The 60-day period for filing a certificate of merit or motion to extend the time for filing such a certificate runs from the date of filing the initial complaint, not a reinstated or amended complaint. O'Hara v. Randall, 879 A.2d 240 (Pa.

---

[6] Dr. Lisiak's December 2011 notice of intention follows the form required by Pa. R.C.P. No. 1042.6(d). See S.R.R. at 35b.

9

Super. 2005); Hoover v. Davila, 862 A.2d 591 (Pa. Super. 2004). Here, Dr. Lisiak complied with Pa. R.C.P. No. 1042.6(a) by demonstrating he previously provided Plaintiff notice of his intent to seek a judgment of *non pros* based on Plaintiff's failure to file a certificate of merit.

Second, as noted above, in its August 25, 2015 order the trial court afforded Plaintiff a final opportunity to file a copy of a written statement by a licensed professional he claimed to have in his possession at the time he filed a certificate of merit involving Dr. Lisiak. See S.R.R. at 90b. However, Plaintiff never produced the written statement. Tr. Ct., Slip. Op., 10/20/15, at 4; S.R.R. at 95b.

Third, Plaintiff's June 2014 amended complaint added Dr. Lisiak's employer, Corizon, as a defendant. On July 29, 2014, Corizon filed a notice of intention to enter judgment of *non pros* against Plaintiff. See Tr. Ct., Slip. Op., 3/9/15, at 2-4; S.R.R. at 74b-76b. Although Plaintiff eventually filed a certificate of merit on August 5, 2014, he failed to attach a supporting written statement from a licensed professional. On August 6, Corizon, pursuant to Pa. R.C.P. No. 1042.12, filed a praecipe for entry of judgment *non pros* based on Plaintiff's failure to file the required written statement. Id. at 3-4; S.R.R. at 75b-76b. On August 12, Plaintiff filed a motion to quash or strike Corizon's notice of intention on the ground that a written statement from an appropriate licensed professional must be obtained through proper discovery. Plaintiff also asserted he is exempt from initial disclosure under Fed. R. Civ. P. 26(b)(iv) (action brought without an attorney exempt from initial disclosure of names and address of persons with

discoverable information).  On September 9, 2014, the trial court denied Plaintiff's motion to strike.  Id. at 4; S.R.R. at 76b.  On September 11, 2014, the trial court entered a judgment of *non pros* in favor of Corizon.  Id. at 11, S.R.R. at 83b.

Our review of the record indicates Plaintiff received notices of Dr. Lisiak's and Corizon's intent to enter a judgment of *non pros* based on Plaintiff's failure to file a certificate of merit and a supporting written statement from an appropriate licensed professional.  An unrepresented plaintiff must file a certificate of merit and supporting written statement.  Pa. R.C.P. No. 1042.3(e).  Failure to do so entitles the defendant to seek a judgment of *non pros*.  Id.  Because Rule 1042.3(e) specifically addresses unrepresented plaintiffs, a party's noncompliance cannot be excused based on a lack of knowledge of the rules.  Hoover.  Therefore, we reject Plaintiff's contention that the trial court should not have entered judgment in favor of Dr. Lisiak and Corizon.

## 2. Point I (continued): Defendants' Motion to Strike; Discovery

Also in Point I, Plaintiff essentially contends the trial court erred in granting Commonwealth Defendants' motion to strike his certificates of merit because they illegally contacted Dr. Lewis to see if he authored the written statement.   Plaintiff argues Commonwealth Defendants' conduct constituted criminal activity including tampering with a witness, intimidating a witness, and conspiracy.

Plaintiff further argues Dr. Lewis's opinions were shielded from discovery of his medical expert's opinions under disclosure exemptions in Pa.

11

R.C.P. No. 4003.3 (scope of discovery; trial preparation material generally) and Pa. R.C.P. No. 4003.5 (discovery of expert testimony; trial preparation material). Plaintiff asserts Defendants never motioned the trial court for such discovery, requested discovery from Plaintiff, or even attempted to secure this discovery by means of interrogatories.

Plaintiff's claims lack merit. As discussed above, an unrepresented plaintiff bringing a professional medical liability action must file a certificate of merit and supporting written statement or be subject to a judgment of *non pros*. Pa. R.C.P. No. 1042.3(e). Failure to comply with Rule 1042.3 is fatal to a plaintiff's claim in professional liability action. Womer v. Hilliker, 908 A.2d 269 (Pa. 2006). Although Pa. R.C.P. No 126[7] provides some flexibility in the application of the procedural rules, it does not excuse noncompliance. Womer. In short, a party's "wholesale failure" to comply with the requirements of Rule 1042.3 cannot be overlooked. Womer, 908 A.2d at 271.

Plaintiff's argument that Defendants needed to engage in formal discovery also fails. A plaintiff must comply with the requirements of Rule 1042.3 regardless of discovery. Womer. Indeed, the purpose of Rule 1042.3 is to weed-out non-meritorious claims prior to the discovery stage. Id. Moreover, Dr. Lewis testified before the trial court that he is not an expert witness for Plaintiff. Tr. Ct. Order, 8/25/15, at 4; S.R.R. at 88b.

---

[7] Rule 126 provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa. R.C.P. No. 126.

With respect to the alleged crimes committed by Defendants in contacting Dr. Lewis, we note the crimes of intimidation of or tampering with a witness involve conduct intended to compel or force a witness to withhold testimony regarding the commission of a crime from a law enforcement officer, prosecuting official or a judge. Commonwealth v. Doughty, 126 A.3d 951 (Pa. 2015). Obviously, Defendants engaged in no such conduct. To the contrary, after learning that Dr. Lewis did not author the written statement at issue, Defendants properly challenged the certificates of merit in a motion to strike. At a hearing on the motion, Dr. Lewis credibly testified he did not author the written statement attached to Plaintiff's certificates of merit. See Tr. Ct. Slip Op., 8/25/15, at 3-4; S.R.R. at 87b-88b. Therefore, we reject Plaintiff's contention that Defendants acted improperly by checking the authenticity of the written statement attached to Plaintiff's certificates of merit.

### 3. Point II: Equal Protection Claim

Plaintiff also contends the requirement in Pa. R.C.P. No. 1042.3(e), that an unrepresented litigant must attach a supporting written statement to the certificates of merit, violated Plaintiff's civil rights under the Fourteenth Amendment's Equal Protection Clause by *classing* him because he was an unrepresented litigant. We disagree.

Other than claiming the trial court violated his civil rights by "classing" him because he was unrepresented by counsel, Plaintiff does not further develop his equal protection argument. It is a well-settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.

13

Commonwealth v. Clayton, 816 A.2d 217 (Pa. 2002). Here, Plaintiff does not present any argument or attempt to explain how the supporting written statement requirement in Rule 1042.3(e) for unrepresented plaintiffs interferes with the exercise of either a fundamental or important right for purposes of equal protection analysis. See James v. Se. Pa. Transp. Auth., 477 A.2d 1302 (Pa. 1984) (fundamental or important rights require a higher standard of review in equal protection analysis).

Nonetheless, we recognize a litigant does not have a right to counsel in a civil matter. Harris v. Pa. Dep't of Corr., 714 A.2d 492 (Pa. Cmwlth. 1988). Because there is no fundamental or important right to counsel in civil matters, unrepresented plaintiffs in civil cases do not constitute a class entitled to either a strict scrutiny or heightened standard of review in an equal protection analysis. James.

Therefore, we need only determine whether the requirement in Rule 1042.3(e) bears a rational relationship to a legitimate state purpose. Frontiero v. Richardson, 411 U.S. 677 (1973). In general, the purpose of Rule 1042.3 is to weed non-meritorious professional liability claims out of the courts efficiently and promptly. Womer. A certificate of merit shows that a plaintiff is in a position to support the allegations made in his complaint. Id. Thus, resources will not be wasted if additional pleadings and discovery take place. Id. Conversely, the absence of a certificate of merit signals that such is not the case. Id. Given the foregoing, we hold the requirement of a certificate of merit bears a rational relationship to legitimate state purposes, the furtherance of judicial economy and

14

the protection of litigants from economic and time demands arising from frivolous claims.

Similarly, the requirement in Rule 1042.3(e), that an unrepresented plaintiff attach a supporting written statement from a licensed professional to his certificate of merit, serves the legitimate purpose of removing non-meritorious claims by uncounseled litigants. Although Rule 1042.3(a) requires that an attorney need only sign a certificate of merit, attorneys, unlike unrepresented litigants, are subject to disciplinary proceedings for filing frivolous lawsuits. See Coulter v. Ramsden, 94 A.3d 1080 (Pa. Super. 2014) (citing Pa. R.C.P. No. 233.1, relating to motions to dismiss frivolous litigation by *pro se* plaintiffs). Further, although Plaintiff has a right to self-representation, his lack of counsel does not excuse him from compliance with the relevant rules of procedural and substantive law. Jones v. Rudenstein, 585 A.2d 520 (Pa. Super. 1991). Consequently, Rule 1042.3(e)'s requirement that Plaintiff attach a written statement to his certificate of merit does not violate Plaintiff's equal protection rights. James.

### 4. Points III and IV: Bias, Motion to Suppress

In his final two arguments, Plaintiff contends the trial court's denial of his motion to suppress, failure to assist him during the proceedings, and denial of his request for continuance of a hearing shows unacceptable bias and prejudice on the part of the trial court.

We disagree. As discussed above, Defendants committed no crimes by inquiring as to whether Dr. Lewis actually authored the written statement

Plaintiff attached to his certificates of merit. Thereafter, Defendants properly challenged the certificates of merit in a motion to strike. At an evidentiary hearing in June 2015, Dr. Lewis testified he did not author the written statement Plaintiff attached to his certificates of merit. Dr. Lewis further testified he is not an expert witness for Plaintiff.

Although Plaintiff attempted to "suppress" the evidentiary hearing, the trial court explained it denied Plaintiff's motion for suppression of evidence and petition for suppression of evidence hearing because Plaintiff failed to present any relevant evidence in support of his motion and petition. Tr. Ct. Order, 8/25/15 at 2; S.R.R. at 86b. Adverse rulings do not alone establish bias. Commonwealth v. Birdsong, 24 A.3d 319 (Pa. 2011).

Plaintiff further asserts the trial court's denial of his motion for continuance of the hearing showed bias because he filed a motion to compel Dr. Lewis and Jessica Schreader to produce documents, which remained pending before the court at the time of the hearing. However, as the trial court explained in an order denying Plaintiff's motion to compel, a subpoena to a third party not named in the action can only be served after disposition of all objections to the subpoena. However, Plaintiff failed to request the court to rule on the objections in a timely manner. Tr. Ct. Order, 8/25/15 at 1; S.R.R. at 85b. The trial court also determined sufficient materials were produced by Dr. Lewis and Ms. Schreader. Id. Again, adverse rulings do not alone establish bias. Birdsong.

16

Finally, due process does not require the appointment of counsel to an inmate in a civil action. <u>Harris</u>. In addition, a trial judge is under no duty to provide personal instruction on courtroom procedure to an unrepresented party. <u>Fraisar v. Gillis</u>, 892 A.2d 74 (Pa. Cmwlth. 2006). In sum, a judge need not take over the legal chores for an unrepresented party that would normally be handled by trained counsel. <u>Id.</u> Therefore, the trial court did not demonstrate bias or abuse its discretion by failing to appoint "stand-by" counsel or warn Plaintiff of various procedural requirements. <u>Id.</u>

For the above reasons, we see no error in the trial court's denial of Plaintiff's petition for relief from the court's judgment of *non pros*. Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

Judge Wojcik did not participate in the decision in this case.

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Onofrio Louis Positano,            :
                     Appellant     :
                                :

        v.                    :    No. 93 C.D. 2016
                                :

John Wetzel, Secretary;       :
John Kerestes, Superintendant;  :
John Lisiak; Ruth Connor,      :
Administrator; Bernadette Mason;  :
Michael Vuksta; Marva Cerullo;   :
Corizon Health Inc., a/k/a      :
Prison Health Services Inc.;     :
and Ruth Cohoon             :

# **O R D E R**

**AND NOW**, this 10th day of August, 2016, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Schuylkill County is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge
