J-A10027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RANDALL WINSLOW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GOLDBERG, MEANIX & MUTH, EVAN | : | |
| J. KELLY, JOHN DOE, T/A OR DBA | : | |
| GOLDBERG, MEANIX & MUTH | : | No. 3606 EDA 2017 |

Appeal from the Order Entered October 5, 2017
In the Court of Common Pleas of Chester County Civil Division at No(s):
2016-02828

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 17, 2018**

Randall Winslow appeals *pro se* from the trial court's denial of his petition to open the judgment of *non pros* entered against him in this legal malpractice action. We affirm.

The facts underlying this case arise from an incident which occurred on the night of October 31, 2009,[1] following which Winslow was charged with driving under the influence of alcohol ("DUI"), simple assault, and disorderly conduct.[2] A jury found Winslow guilty following a three-day trial. The court

---

*   Retired Senior Judge assigned to the Superior Court.

[1] *See **Winslow v. Pennsylvania Bd. of Prob. & Parole***, No. CIV.A. 12-3543, 2014 WL 2892401, at *1-2 (E.D. Pa. June 25, 2014) (unreported) for a recitation of the facts of the underlying criminal case.

[2] 75 Pa.C.S.A. § 3802(a)(1) and 18 Pa.C.S.A. §§ 2701(a)(1) and 5503(a)(1), respectively.

sentenced Winslow to serve an aggregate of one month and five days' to 18 months' incarceration. Winslow filed a timely appeal, challenging the sufficiency of the evidence supporting his convictions and the trial court's preclusion of testimony at trial referencing the results of Winslow's pre-arrest breathalyzer test. We affirmed the judgment of sentence in 2011,[3] and the Pennsylvania Supreme Court denied his petition for allowance of appeal in 2012.[4] Winslow did not seek review of his conviction in the United States Supreme Court.[5]

Winslow initiated the instant action on March 28, 2016, when he filed a *pro se* civil Complaint against the attorney who represented him on his direct appeal, Evan Kelly, Esquire, and Kelly's law firm, Goldberg, Meanix, & Muth (together, "Appellees"). In his Complaint, Winslow alleged that Kelly had agreed to pursue a certain issue on appeal—Winslow's "constitutional right to a complete defense" (which Winslow defined as the "right to testify, cross-examine the witnesses against him, and enter exculpatory evidence")—and that Kelly had failed to properly present this issue in the appellate brief he filed on Winslow's behalf. ***See*** Complaint, 3/28/16, at ¶ 4-10. Winslow argued

---

[3] ***Commonwealth v. Winslow***, 31 A.3d 731 (Pa. Super. 2011) (unpublished memorandum).

[4] ***Commonwealth v. Winslow***, 40 A.3d 122 (Pa. 2012).

[5] Soon after the Pennsylvania Supreme Court denied review of his case, Winslow filed a *pro se* petition for *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The federal district court denied the petition in 2014. ***See Winslow v. Pennsylvania Bd. of Prob. & Parole***, No. CIV.A. 12-3543, 2014 WL 2892401, at *12.

that Kelly had wrongfully informed Winslow that raising the issue of the sufficiency of the trial evidence was the same as raising the issue of a "complete defense." *Id.*

On June 9, 2016, approximately 73 days after Winslow filed the Complaint, Appellees filed a "Notice of Intention to Enter a Judgment of [*Non Pros*] for Failure to File a Certificate of Merit," pursuant to Pa.R.C.P. 1042.6. Appellees argued that Winslow had failed to file a certificate of merit within 60 days of his Complaint. *See* Pa.R.C.P. 1042.3(a).[6] Winslow responded on June 28, 2016, by filing a Certificate of Merit, that he—a non-lawyer—signed, stating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant." Certificate of Merit, 6/28/16, at 1 (unpaginated).

Appellees filed a "Motion to Strike [Winslow's] Certificate of Merit and for Entry of Judgment of [*Non Pros*]." Appellees argued that Winslow's Certificate of Merit was improper, as Rule 1042.3 requires that if the certificate is not signed by an attorney, the plaintiff must attach to the certificate a "written statement from an appropriate licensed professional." *See* Pa.R.C.P. 1042.3(e).

---

[6] Although Winslow styled the claims in his Complaint as claims for breach of contract and fraudulent inducement, the trial court ruled that Winslow's "causes of action sound in professional negligence despite being captioned as contract claims," Order, 3/30/17, at 1 n.1. Winslow does not challenge this ruling in his appeal, or contest that Rule 1042.3 requires him to file a certificate.

The trial court denied Appellees' Motion in August 2016, but vacated the denial on March 30, 2017, and instead granted the Motion in part: the court ordered the Prothonotary to strike Winslow's Certificate of Merit from the record, but granted Winslow leave to file within 30 days a "proper" certificate of merit. On April 25, 2017, Winslow filed a "Letter/Request to the [Trial Court Judge]," in which he requested the court waive the requirement for a certificate of merit, and moved, in the alternative, for a 45-day extension in which to procure an attorney. In response, Appellees filed a "Motion for Entry of Judgment of [*Non Pros*]."

On June 2, 2017, approximately one year and 66 days after the filing of the Complaint, the court entered an order denying Winslow's request for an extension of time and granted Appellees' Motion for Entry of Judgment of *Non Pros*.[7] The court determined that Winslow had failed to file a new certificate of merit within 30 days of the March 30, 2017 Order, and had failed to file a valid certificate since the inception in the case. **See** Order, 6/2/17, at 1 n.3. Moreover, the court determined that Winslow had not shown good cause to warrant an extension of time. **Id.**

Winslow filed a notice of appeal on June 26, 2017.[8] On August 10, 2017, we issued a *per curiam* order quashing the appeal on the basis that Winslow had waived all claims on appeal by his failure to file a petition to open the

---

[7] The order was dated June 1, 2017, but docketed on June 2, 2017.

[8] **See Winslow v. Evan J. Kelly etc.**, No. 2087 EDA 2017.

judgment of *non pros*. **See** Order, 8/10/17 (*per curiam*) (citing Pa.R.C.P. 3051 ("Relief from Judgment of [*Non Pros*]") and **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996 (Pa. 2001)).

Approximately two weeks later, on August 25, 2017, Winslow filed with the trial court a "Petition for Relief From the Judgment of [*Non Pros*]." The court denied Winslow's Petition on October 5, 2017.

Winslow filed a timely notice of appeal,[9] and raises the following issue:

> Whether the Pennsylvania Certificate of Merit Rule 1042.3 violates The Pennsylvania Constitution and The United States Constitution by placing an undue financial burden on [plaintiffs] and creates two separate classes?

Winslow's Br. at iii (pre-paginated portion).[10]

A court's grant or refusal of a request to open a judgment of *non pros* under the Rule "is peculiarly a matter for the [trial] court's discretion." **Gondek v. Bio-Med. Applications of Pennsylvania, Inc.**, 919 A.2d 283, 286 (Pa.Super. 2007) (alterations in original) (quoting **O'Hara v. Randall**, 879 A.2d 240, 243 (Pa.Super. 2005)). We will not overturn the trial court's decision unless it "reflects manifest unreasonableness, or partiality, prejudice,

_____

[9] Winslow's appeal from the court's denial of his Petition for Relief is immediately appealable under Pa.R.A.P. 311(a)(1). **See French v. Commonwealth Assocs., Inc.**, 980 A.2d 623, 628 (Pa.Super. 2009).

[10] In contravention of the Rules of Appellate Procedure, Winslow fails to include a Statement of Questions Involved. **See** Pa.R.A.P. 2116. However, in the section of his brief titled "Text of the Order in Question," rather than setting forth the language of the order under appeal, **see** Pa.R.A.P. 2115 ("Order or Other Determination in Question"), Winslow presents the above issue. Winslow's Br. at iii (pre-paginated portion).

bias, or ill-will, or such lack of support as to be clearly erroneous." ***Womer v. Hilliker***, 908 A.2d 269, 273 (Pa. 2006).

Rule 3051(b) of the Rules of Civil Procedure provides that a judgment of *non pros* may be opened when the petition for relief alleges "facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action." Pa.R.C.P. 3051(b) (italicization added).

A petition for relief from judgment of *non pros* is untimely when the only excuse for the delay was the petitioner's previous premature appeal from the order entering judgment of *non pros*. ***See Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 383 (Pa.Super. 2011). In ***Madrid***, the appellants filed a notice of appeal from the order entering judgment of *non pros*, but later withdrew their appeal and filed a petition to open judgment, 56 days after the court entered judgment of *non pros*. ***Id.*** at 381, 383. Their petition was denied by the court. ***Id.*** at 381. On appeal, we found the petition to be untimely, because "ignorance of the procedural rules does not justify or provide a reasonable explanation for failure to comply." ***Id.*** at 383.

Here, the trial court found Winslow's Petition to be untimely for the same reason as the court in ***Madrid***. ***See*** Order, 10/5/17, at 1-3 n.1. The court explained that the Petition was filed 85 days after judgment of *non pros* was entered, and only after Winslow had erroneously filed a premature appeal from the judgment of *non pros*. ***Id.*** at 2 n.1.

- 6 -

The trial court did not abuse its discretion in concluding that the Petition was untimely. Winslow's *pro se* status does not absolve him from complying with procedural rules. **See Warner v. Univ. of Pennsylvania Health Sys.**, 874 A.2d 644, 648 (Pa.Super. 2005) (quoting **Hoover v. Davila**, 862 A.2d 591, 595-96 (Pa.Super. 2004) (citing **Jones v. Rudenstein**, A.2d 520, 522 (Pa.Super. 1991) and **Commonwealth v. Abu-Jamal**, 555 A.2d 846, 852 (Pa. 1989))). Nor does it confer upon him any particular advantage. **Id.** (citing **Cole v. Czegan**, 722 A.2d 686, 687 (Pa.Super. 1998)). We caution that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Id.** (quoting **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985)).

Moreover, in his Petition for Relief, Winslow did not address the lapse of time between the court's entry of judgment of *non pros* and Winslow's Petition.[11] Nor, in his appellate brief, does Winslow attempt to make any argument regarding the timeliness of his Petition. He has therefore waived any argument that his Petition is timely under the Rule.

---

[11] In his Petition for Relief, Winslow argued that the Petition was timely because "the court struck my certificate of merit and gave me not much time to once again try to find an attorney at a reasonable cost. All quotes were for a minimum of [$5,000] dollars and up." Petition, 8/25/17, at 1 (unpaginated). This argument clearly relates to the entry of judgment of *non pros* against Winslow due to his failure to file a timely certificate of merit, and does not explain his delay in filing the Petition for Relief in the first place.

Even if Winslow's Petition had been timely, it would fail under the third prong of the test. Under that prong, a petitioner must assert specific facts in the Petition to show that there is a meritorious cause of action. **See** Pa.R.C.P. 3051(b)(3). A petitioner must do more than merely repeat the averments of the complaint. **Stephens v. Messick**, 799 A.2d 793, 800 (Pa.Super. 2002). "A claim of legal malpractice requires that the plaintiff plead the following three elements: employment of the attorney or other basis for a duty; the failure of the attorney to exercise ordinary skill and knowledge; and that the attorney's negligence was the proximate cause of damage to the plaintiff." **412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C.**, 151 A.3d 646, 657 (Pa.Super. 2016).

Regarding the merits of his underlying legal malpractice claim against Appellees, Winslow asserted in his Petition only that Appellees "were asked to put forward my rights to a complete defense and fair trial," and that Winslow was "fraudulently deceived" by Appellees. Petition for Relief, 8/25/17, at 2 (unpaginated). These bald assertions fall woefully short of the requirement under the Rule. Winslow did not explain in his Petition what aspect of his defense he was prevented from presenting at trial, and he asserted no other facts to support a viable legal malpractice claim. Nor does Winslow, in his appellate brief, explain why his underlying cause of action was meritorious.

We therefore conclude that Winslow has waived any argument that his Petition meets the third prong under Rule 3051(b).[12]

As we conclude that Winslow failed to comply with the first and third prongs of the test set forth in Rule 3051(b), we hold that the trial court did not abuse its discretion in denying Winslow's Petition. We therefore need not consider, under the second prong, whether Winslow's Petition for Relief successfully explained and excused his failure to file a timely certificate of merit, although this is the main substance of Winslow's argument on appeal. **See Madrid**, 24 A.3d at 383 (stating the failure to satisfy 2 of the 3 elements under Rule 3051 waives issues related to the third prong); **Krell v. Silver**, 817 A.2d 1097, 1102 (Pa.Super. 2003) (stating petition for relief must do more than merely offer "reasons for the delay preceding the entry of judgment of *non pros*," under the second prong, and fail to set forth that the "petition was promptly filed or that there were facts which supported a meritorious cause of action," leaving the first and third prong unsatisfied).

We therefore affirm the order of the trial court denying Winslow's Petition for Relief.

Order affirmed.

---

[12] Although the trial court elected not to assess this prong, we may affirm the trial court's decision on any grounds. **See Bartolomeo v. Marshall**, 69 A.3d 610, 618 (Pa.Super. 2013) (affirming denial of petition to open judgment of *non pros* on different grounds than trial court, where petitioners "failed to illustrate that they had a meritorious cause of action under Pa.R.C.P. 3051").

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/18